IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| LEONARD R NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:13-cv-88(WLS) |
| | ) | |
| v. | ) | |
| | ) | |
| DOLLAR TREE STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REVISED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Leonard Nichols and Defendant Dollar Tree Stores, Inc. ("Dollar Tree") (collectively the "Parties"), by and through their undersigned counsel, jointly move this Court to enter an order approving the amended settlement entered into by the Parties and dismissing this case in its entirety, with prejudice, by consent of all parties. In support of this Motion, the Parties state the following:

1. Plaintiff worked as a Dollar Tree Store Manager from February 4, 2007 to April 15, 2007. On July 9, 2007, Plaintiff joined as an opt-in plaintiff in the decertified putative collective action *Knott et al v. Dollar Tree Stores, Inc.*, No. 7:06-cv-01553 (N.D. Ala), alleging that Dollar Tree violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") by classifying its Store Managers as exempt from FLSA overtime requirements. On September 19, 2012, the *Knott* court decertified the collective action after determining that the plaintiffs in that action "performed a wide array of differing exempt job duties with varying degrees of importance, [and] one group of them cannot reasonably be said to be representative of them all." *See Knott et al v. Dollar Tree Stores, Inc.*, No. 7:06-cv-01553 (N.D. Ala) Docket No. 515 (the "*Knott* action"). After a trial on the claims of the remaining four named plaintiffs in the *Knott* action, a jury entered a verdict in favor of Dollar Tree and against all plaintiffs.

2. On January 30, 2013, after the *Knott* action was decertified, Plaintiff filed an individual action against Dollar Tree in the U.S. District Court for the Northern District of Georgia styled *Vedder, et al., v. Dollar Tree Stores, Inc.*, No. 1:13-cv-00315-AT (N.D. Ga.) ("*Vedder*") alleging, on an individual basis, the same claims raised in *Knott*, i.e, that Dollar Tree violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") by classifying him as exempt from FLSA overtime requirements.

3. Upon Dollar Tree's motion, Plaintiff's claims were transferred to the U.S. District Court for the Middle District of Georgia in the individual action styled *Nichols v. Dollar Tree Stores, Inc.*, 1:13-cv-0088(WLS)("this Action").

4. Dollar Tree denies Plaintiff's allegations in their entirety and denies any violation of the FLSA. Dollar Tree asserts that, at all times relevant to his employment as a Dollar Tree Store Manager, Plaintiff was reasonably and properly classified as exempt from overtime, and on that basis, Plaintiff was not entitled to overtime pay.

5. In the course of discussions between counsel for the Parties, the Parties agreed to resolve this matter and filed an initial motion seeking the Court's approval of the settlement and dismissal of the case in its entirety, with prejudice. (Docket No. 24) On November 1, 2013, this Court entered an Order denying the Parties' motion for approval, but permitting the Parties to amend the terms of their settlement as outlined in the Order and file a revised motion seeking approval of the settlement. *See* Docket No. 25; *see also Lynn's Food Stores, Inc. vs. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982) (acknowledging "a policy of encouraging settlement of [FLSA] litigation.").

6. Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See* 29

U.S.C. § 216(b); *Lynn's Food Stores*, 679 F.2d at 1354; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945). The Parties therefore file this revised motion and request that this Court approve the Parties' Amended Settlement. To do so, the Court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355.

7. The Parties expressly agree that the amended settlement agreement between the Parties (the "Agreement") represents a fair and equitable resolution of this matter given the risks inherent in continued litigation, especially in light of the jury's verdict in Dollar Tree's favor and against plaintiffs in the *Knott* action. Plaintiff worked as a Dollar Tree Store Manager for approximately two months during the statutory liability period, and there is a bona fide dispute regarding whether Plaintiff performed duties that qualified him for exemption from federal overtime requirements and, if not, whether Plaintiff worked in excess of 40 hours in a week on any occasion.

8. Plaintiff Nichols is to receive $528.10 as a total settlement of his claims brought against Dollar Tree in this lawsuit. That amount represents Nichols' alleged back-pay for the number of weeks worked during the limitations period for this case. Nichols worked approximately 10 weeks during the limitations period. His back-pay damages were calculated using the negotiated assumptions that his salary was intended to compensate him for all hours worked and that he worked an average of 50 hours per week during the limitations period. Because his salary was intended to compensate him for all hours worked, damages for the 10 hours of overtime worked each week was compensated at ½ times his regular rate of pay.

9. Nichols will receive two checks from Dollar Tree. The first check will be in the amount of $132.03, less tax withholdings and other withholdings as required or permitted by law. The second

check will be in the amount of $132.02, with no withholdings. The amount that Nichols will receive from the total settlement amount, prior to withholdings, is $264.05.

10. Nichols' attorneys will receive a fee of $264.05 from the $528.10 total settlement amount. The amount of attorneys' fees is 50% of the total settlement amount and is being paid pursuant to the contingency fee agreement entered into by Nichols and his counsel. Plaintiff's counsel is not seeking reimbursement for any expenses.

11. Plaintiff's counsel represents that this fee is fair and reasonable pursuant to the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974). Furthermore, since Plaintiff has not worked for the Defendant since June 2007, his damages are not likely to increase significantly through continued litigation. Continuing the litigation would only serve to increase the attorneys' fee with little if any benefit to the Plaintiff. Thus, plaintiff's counsel represents that this settlement is fair to both the plaintiff and his counsel.

12. A copy of the Parties' Agreement, revised in light of this Court's November 1 Order, is attached as Exhibit 1. The terms of the Agreement are contingent upon approval by the Court. Thus, the Parties respectfully request that the Court approve their Agreement and issue an Order dismissing the action in its entirety with prejudice, but retaining jurisdiction, as necessary, to enforce the parties' Agreement.

13. The Parties negotiated the terms of the Agreement at arms-length and in good faith. This settlement allows the Parties to avoid the significant time, expense and uncertainty of protracted litigation. Settlement is also a reasonable means for the Parties to minimize future risks and litigation.

14. All Parties have been represented, at all times, by experienced counsel. There has been sufficient investigation and discovery with respect to Plaintiff's claims in this matter and the *Knott* matter to allow counsel to act intelligently and to make an informed decision regarding settlement.

WHEREFORE, the Parties respectfully request that this Court 1) grant their joint motion for approval of their agreement to settle this case and 2) dismiss this case in its entirety, with prejudice, but retain jurisdiction as necessary to enforce the Parties' settlement. The Parties are available at the Court's convenience for a teleconference to discuss the settlement terms. A proposed order is attached

Dated: November 22, 2013

By: /s/ William G. Dobson
William G. Dobson
Georgia Bar No. 237770
A. Danielle McBride
Georgia Bar No. 800824
LOBER, DOBSON & DESAI, LLC
830 Mulberry Street, Ste. 201
Macon, Georgia 31201
Telephone: (478) 745-7700

Gregory O. Wiggins
Kevin W. Jent
Wiggins, Childs, Pantazis & Quinn, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500
gwiggins@wcqp.com
kjent@wcqp.com
COUNSEL FOR PLAINTIFFS

By: /s/ William C. Barker
William C. Barker
Georgia Bar No. 037727
PAUL HASTINGS LLP
1170 Peachtree Street, NE Suite 100
Atlanta, GA 30309-9998
Telephone: (404) 815-2400
Telefacsimile: (404) 815-2424
corybarker@paulhastings.com

Carson H. Sullivan (admitted pro hac vice)
Regan A. W. Herald (admitted pro hac vice)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Telefacsimile: (202) 551-1705
carsonsullivan@paulhastings.com
reganherald@paulhastings.com
COUNSEL FOR DEFENDANT
DOLLAR TREE STORES, INC.

IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
NORTHERN DIVISION

LEONARD R. NICHOLS,
Plaintiffs,

vs.

DOLLAR TREE STORES, INC.,

Defendant.

Civil Action No. 1:13-cv-88(WLS)

**[Proposed] ORDER**

This matter is before the Court on the Parties' Revised Joint Motion for Approval of Settlement and Dismissal with Prejudice. Having considered the Parties' motion as well as additional information provided by the Parties, it is hereby ORDERED:

1. That the Revised Joint Motion for Approval of Settlement is GRANTED; and

2. This case shall be DISMISSED, WITH PREJUDICE, in its entirety, with each party to bear his or her own costs.

3. The Court shall retain jurisdiction over this case only for the purpose of enforcing the Parties' Agreement.

United States District Judge

Exhibit #1

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Dollar Tree Stores, Inc. ("Dollar Tree") and Leonard Nichols ("Nichols").

WHEREAS, Nichols joined in an action against Dollar Tree in the U.S. District Court for the Northern District of Alabama styled Knott v. Dollar Tree Stores, Inc., No. 06-cv-01553 (N.D. Ala.) ("Knott") alleging that Dollar Tree violated the Fair Labor Standards Act;

WHEREAS the Knott Court granted Dollar Tree's motion to decertify on September 19, 2012, for the reasons set forth in the Court's memorandum opinion on September 19, 2012;

WHEREAS, after the Knott action was decertified, Nichols filed an individual action against Dollar Tree in the U.S. District Court for the Northern District of Georgia styled Vedder v. Dollar Tree Stores, Inc., No. 1:13-cv-00315 (N.D. Ga.) ("Vedder") alleging that Dollar Tree violated the Fair Labor Standards Act;

WHEREAS, upon Dollar Tree's motion, Nichols' claims were transferred to the U.S. District Court for the Middle District of Georgia in the individual action styled Nichols v. Dollar Tree Stores, Inc., No. 1:13-cv-00088 ("this Action") raising the same claims raised in Vedder;

WHEREAS, Dollar Tree explicitly and expressly denies all of the allegations in this Action, in Vedder, and in Knott, and further denies that it has caused Nichols any damage or injury, or in any way acted in an unlawful or improper manner toward him/her and/or in connection with his/her employment with Dollar Tree;

WHEREAS, after being executed by Nichols and Dollar Tree, this Agreement will become effective on the date on which it is approved by the Court in this Action (the "Effective Date");

NOW, THEREFORE, in consideration of the promises contained herein and the consideration being provided to Nichols as set forth below, the adequacy of which Nichols hereby acknowledges, it is agreed as follows:

1. **Promises by Dollar Tree.**

In full settlement of known and unknown claims, as set forth below, Dollar Tree agrees to the following:

(a) **Settlement Payment.** Dollar Tree will pay the total sum of $528.10, payable as follows:

(i) Dollar Tree will issue a check made payable to Nichols in the gross amount of $132.03, less tax withholdings and other withholdings as required or permitted by law. Nichols understands and agrees that Dollar Tree will report this amount to the IRS by way of IRS Form W-2.

(ii) Dollar Tree will issue a check made payable to Nichols in the gross amount of $132.02. Nichols agrees that this payment does not constitute remuneration for past or present services performed by Nichols. Nichols understands and agrees that Dollar Tree will issue a Form 1099 to Nichols for this payment.

Nichols agrees s/he is solely responsible for any additional or applicable taxes, penalties, interest, or other amounts due on the payments described above, and shall indemnify Dollar Tree and/or its respective successors, assigns, parents, subsidiaries, divisions, affiliates, insurers, officers, directors, trustees, governors, employees, agents and representatives and hold it/them harmless for any taxes, penalties, or interest s/he becomes required to pay related to the payment described above.

(iii) Dollar Tree will issue a check made payable to counsel for Nichols in the gross amount of $264.05. Nichols understands and agrees that Dollar Tree will issue, in accordance with applicable law, the appropriate Form 1099(s) to Nichols and counsel for Nichols in connection with this payment.

(b) **Date of Payment.** Dollar Tree will issue the payments described in 1(a)(i) – 1(a)(iii) within five (5) business days, or as soon as administratively practicable thereafter, after the Effective Date of this Agreement. Dollar Tree will send the checks to Nichols's counsel.

**2. No Consideration Absent Execution of this Agreement.** Nichols understands and agrees that the payment described above in Paragraph 1 would not be provided except for his/her execution of this Agreement and the fulfillment of the promises contained in this Agreement.

**3. Waiver and Release by Nichols.**

(a) **Release:** In exchange for the consideration stated above and provided to Nichols by Dollar Tree, the adequacy of which Nichols hereby acknowledges, Nichols irrevocably and unconditionally releases all the claims described below in Subparagraph 3(b) of this Agreement that Nichols may have against the following persons or entities (the "Released Parties"): Dollar Tree, all current and former, direct and indirect, parents, subsidiaries, brother-sister companies, and all other affiliates and related partnerships, joint ventures, or other entities, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under or in concert with any of the persons or entities listed in this section, and their successors.

(b) **<u>Claims Released, Withdrawn, and Dismissed.</u>**

(i) Nichols agrees, within five (5) days after signing this Agreement: to cause the dismissal with prejudice of his/her claims in this Action and at the same time to request that the Court approve this Agreement. The motion shall be styled as a joint motion to approve settlement and for dismissal with prejudice. Nichols also agrees not to join, participate in or assist in any way with the assertion of any claims, whether as a plaintiff, class member or witness, in <u>Knott</u> if the decertification of that case is reversed. Nichols acknowledges that unless and until the Court in this Action approves this Agreement and dismisses his/her claims, with prejudice, none of the payments specified in Subparagraph 1(a) of this Agreement will be made. Nichols represents that, other than the lawsuits set forth in this Subparagraph, s/he is not a party or participant in any other pending lawsuit, complaint, charge, action, compliance review, investigation, or proceeding asserting any claim released under this Agreement.

(ii) In addition to the claims and lawsuits described in Subparagraph 3(b)(i), the claims released include, all claims, promises, offers, debts, causes of action or similar rights of any type or nature Nichols has or had against the Released Parties arising under the Fair Labor Standards Act ("FLSA"), and similar state, local or federal laws, regulations and/or ordinances related to wages and hours, including but not limited to (A) any and all claims for the failure to properly calculate and/or pay any type of regular wages, minimum wages and/or overtime wages; (B) any and all claims related to Nichols's classification as exempt from overtime wages; and (C) any and all claims for penalties related to any of the above categories of claims (the "Released Claims"). The foregoing release includes, but is not limited to, any and all claims alleged in <u>Knott</u>, in <u>Vedder</u>, or this Action, as well as any and all claims in any way arising out of, relating to, or resulting from those actions.

(c) **<u>No Pursuit of Released Claims</u>.** Nichols represents that other than this Action and <u>Knott</u>, s/he has not filed, joined, submitted or caused to be filed any other lawsuit, complaint or charge encompassing any claim released by this Agreement. Nichols promises never to file, prosecute, join, opt-in or participate in a lawsuit (including a collective or class action) or other complaint or charge asserting any claims that are released by this Agreement. Notwithstanding the foregoing, nothing in this Subparagraph precludes Nichols from filing an administrative charge of discrimination or an administrative charge with any federal, state or local government office, official or agency. Nichols promises never to seek or accept any damages, remedies, or other relief for Nichols personally (any right to which Nichols hereby waives and promises never to accept) with respect to any claim included in Paragraph 3 of this Agreement, in any proceeding including, but not limited to, any Equal Employment Opportunity Commission ("EEOC") proceeding.

(d) **Enforcement of Agreement and Unwaivable Claims.** This Agreement does not release Nichols's right to enforce this Agreement. This Agreement also does not release any other claim or abridge any legal right that as a matter of law cannot be released or abridged by private agreement between Dollar Tree and Nichols.

(e) **Ownership of Claims.** Nichols represents that Nichols has not assigned or transferred, or purported to assign or transfer, all or any part of any claim released by this Agreement.

4. **Nichols's Promises.**

In addition to the waiver and release of claims provided for in Paragraph 3, Nichols also agrees to the following:

(a) **No Liability Admitted.** Nichols understands and agrees that this Agreement and the payments and benefits described in this Agreement do not constitute an admission by Dollar Tree or any of the Released Parties, or any of their present or former officers, directors, members, employees, consultants, representatives, independent contractors or related entities, of any liability to Nichols or wrongdoing whatsoever, including but not limited to the allegations in this Action and Knott, and that this Agreement is not admissible as evidence in any proceeding other than for enforcement of its provisions.

(b) **No Liens.** Nichols warrants and represents that there are no liens or encumbrances on his/her claims, including but not limited to Workers' Compensation liens, physicians' liens, and/or attorney liens. S/he expressly acknowledges that, in any case, all obligations to satisfy such liens are his/her sole responsibility, and not of Dollar Tree. Nichols also agrees that if any liens or encumbrances on his/her claims should arise between the date s/he signs the Agreement and the date on which the funds identified in Paragraph 1 of this Agreement are paid and Dollar Tree is required by law to pay such lien or encumbrances, Dollar Tree's payment of the lien or encumbrance shall act as an offset to Dollar Tree's obligations to Nichols set forth herein.

5. **Consequences of Nichols's Violation of Promises.**

(a) **General Consequences.** If Nichols breaks any of his/her promises in this Agreement, for example, by filing or prosecuting a lawsuit based on claims that Nichols has released, or if any representation made by Nichols in this Agreement was false when made, Nichols (a) shall forfeit all right to future benefits under this Agreement; (b) must repay all benefits previously received, pursuant to this Agreement, upon Dollar Tree's demand.

(b) **Injunctive Relief.** Nichols further agrees that Dollar Tree would be irreparably harmed by any actual or threatened violation of Subparagraphs 4(b) through 4(d), and that Dollar Tree shall be entitled to an injunction prohibiting Nichols from committing any such violation.

6. **Binding Nature of Agreement.** This Agreement shall be binding on Nichols's heirs, legal representatives, administrators, executors, and assigns, and shall inure to the benefit of the Released Parties and their heirs, legal representatives, administrators, executors, and assigns.

7. **No Assignment.** Nichols's rights, duties or obligations under this Agreement may not be assigned, delegated or transferred.

8. **Interpretation.** This Agreement will be construed as a whole according to its fair meaning, and not strictly for or against any of the parties. Unless the context indicates otherwise, the term "or" will be deemed to include the term "and" and the singular or plural number will be deemed to include the other. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of any of this Agreement.

9. **Law Governing.** This Agreement shall be governed by and construed under the laws of the Commonwealth of Virginia other than its choice of law provisions. The sole venue for any action relating to this Agreement, including but not limited to its interpretation and/or enforcement, is the United States District Court for the Middle District of Georgia.

10. **Joint Effort.** The parties stipulate that this Agreement was prepared by and is the joint effort of the parties through negotiations. Accordingly, any ambiguity, uncertainty or vagueness in the construction and interpretation of this Agreement shall not be attributed to either Nichols or Dollar Tree, and the theory of construction that a document should be construed against the party drafting the document is waived and will not be applied in construing this Agreement.

11. **Entire Agreement.** This Agreement comprises the entire agreement between the parties regarding the matters contained herein. This Agreement has been entered into by Nichols with a full understanding of its terms, with an opportunity to consult with counsel and without inducement or duress. Nichols acknowledges that no promise or agreement not expressed in this Agreement has been made to Nichols and that Nichols is not relying on any representations that are not in this Agreement. This Agreement may be executed in counterparts, each of which shall be considered an original, but all of which together shall constitute one and the same instrument. This Agreement may not be changed orally. This Agreement supersedes any prior or contemporaneous agreement, arrangement or understanding on its subject matter.

12. **Severability.** The provisions of this Agreement are severable. If any provision in this Agreement is found to be void or unenforceable, all other provisions will remain fully enforceable.

13. **Approval of Court:** This Agreement must be approved by the Court in order to become effective.

[SIGNATURE PAGE FOLLOWS]

SIGNATURE PAGE

PLEASE READ THIS AGREEMENT CAREFULLY. IT CONTAINS A RELEASE OF CLAIMS.
Acknowledged and Agreed:

______________________ ______________________
Leonard Nichols Date

______________________ ______________________
Signature Date
Dollar Tree Stores, Inc.

______________________
By: