**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| LEONARD R. NICHOLS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-88 (WLS) |
| DOLLAR TREE STORES, INC., | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is the Parties' Revised Joint Motion for Approval of Settlement and Dismissal With Prejudice ("Revised Joint Motion"). (Doc. 26.) Therein, the Parties request that the Court enter an ender approving the Fair Labor Standards Act ("FLSA") settlement entered into by the Parties and dismiss this case with prejudice. For the reasons stated below, the Revised Joint Motion for Approval of Settlement and Dismissal With Prejudice (Doc. 26) is **GRANTED**.

## PROCEDURAL HISTORY

By Order dated November 1, 2013, the Court denied the Parties' initial Joint Motion for Approval of Settlement and Dismissal With Prejudice. (Doc. 25.) The Court denied the motion because the agreement did not state whether Plaintiff was receiving liquidated damages or, if not, the reasons therefor; and the agreement contained number provisions inconsistent with the purpose of FLSA, including a pervasive release and a non-disparagement provision. The Court also ordered the Parties to file their amended proposed settlement agreement on the public docket.

1

On November 22, 2013, the Parties filed their Revised Joint Motion for Approval of Settlement and proposed settlement agreement. (Doc. 26.) The Court now reviews the agreement to ensure that it comports with the underlying purpose of FLSA.

## **DISCUSSION**

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Because the agreement between the parties was not made under the supervision of the Secretary of Labor, *see* 29 U.S.C. § 216(c), the Court must scrutinize the parties' settlement for fairness before entering a "stipulated judgment." *See* 29 U.S.C. § 216(b); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982) (citations omitted). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of their rights. *Lynn's Food Stores*, 679 F.2d at 1352 (citing *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981)).

Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x. 349, 351 (11th Cir. 2009) (per curiam).

### A.     **Damages Award**

The Parties represent that in settlement for his FLSA claims, Dollar Tree will pay to Plaintiff $528.10 in total settlement of Plaintiff's claims. (Doc. 26 at 3.) Per the

2

Parties, this amount represents Plaintiff's alleged back-pay for the number of weeks worked during the limitations period, compensated at ½ times Plaintiff's regular rate of pay. (*Id.*) According to the Parties, this amount "represents a fair and equitable resolution of this matter given the risks inherent in continued litigation, especially in light of the jury's verdict in Dollar Tree's favor and against Plaintiff's in the *Knott* action." (*Id.*)

The Court notes that the proposed amount does not appear to include liquidated damages. In this instance, the lack of liquidated damages does not preclude the Court from approving the agreement, however. While FLSA states that a plaintiff is entitled to recover unpaid wages *plus* an equal amount of liquidated damages, *see* 28 U.S.C. § 216(b), the Eleventh Circuit has held that "the district court has discretion to reduce or deny liquidated damages." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Here, because there is still a "bona fide dispute" over whether Plaintiff was entitled to overtime pay, and the Parties have chosen to settle in good faith in lieu of continued litigation, the Court finds that the proposed damages award is a "fair and reasonable resolution of a bona fide dispute." *See Lynn's Food Stores*, 679 F.2d at 1354-55; *see also Phelps v. Detail USA, Inc.*, No. 3:11-cv-836, 2012 WL 254113, at *3 (M.D. Fla. Jan. 19, 2012) (approving settlement agreement without provision for liquidated damages where plaintiffs' entitlement to overtime compensation was disputed because "the settlement reflect[ed] 'a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

**B.   Attorneys' Fees and Costs**

Of Plaintiff's $528.10 settlement amount, $264.05 (50% of the total award) will be used to pay Plaintiff's attorneys' fees. (Doc. 26 at 4.) This amount is being paid

3

pursuant to the contingency fee agreement entered into by Nichols and his counsel. (*Id.*) Initially, the Court notes that the issue of contingency-fee agreements in FLSA cases is far from a settled one, and that, as a general matter, a district court is not supposed to defer to a contingency-fee agreement; rather the Court is supposed to scrutinize the amount at issue to determine if it constitutes a reasonable fee award. *See Silva*, 307 F. App'x at 351-52. In calculating the reasonable fee award, the Court is usually guided by the "lodestar" method. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] Here, however, because the amount is so small and likely does not represent the total hours expended on this case, meaning it probably represents an amount below the lodestar, the Court concludes that it need not do a traditional calculation. Instead, the Court considers the fact that Plaintiff received an adverse decision as part of *Knott v. Dollar Tree Stores, Inc.*, No. 7:06-cv-01553 (N.D. Ala.), and there is no evidence that Plaintiff will fare any better at trial in this Court. Additionally, Plaintiff has agreed to this amount. Therefore, the Court finds that the $264.05 fee amount requested is fair and reasonable, in light of the time and effort likely expended on Plaintiff's behalf.[2] Accordingly, the Revised Joint Motion for Approval of Settlement and Dismissal With Prejudice (Doc. 26) is **GRANTED**.

     **SO ORDERED**, this  14th  day of January 2014.

                                        /s/ W. Louis Sands
                                        **W. LOUIS SANDS, JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).
[2] While the Court recognizes that a contingency-fee amount that reduces a plaintiff's FLSA recovery by 50% would normally be suspect, in this case, as noted above, the Court finds the fee amount negotiated to be nonetheless fair and reasonable based on the reasons stated herein.